UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN ALAN VIETH,

                   Plaintiff,

                                                    Case No. 20-cv-95-pp

        v.

WISCONSIN DEPARTMENT OF CORRECTIONS,

                   Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO WAIVE PAYMENT OF INITIAL
PARTIAL FILING FEE (DKT. NO. 7)**

Plaintiff Nathan Alan Vieth is a prisoner and represents himself. He filed

a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated.

Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the

filing fee (*in forma pauperis*). Dkt. No. 2. On January 22, 2020, the court issued

an order assessing $7.90 as an initial partial payment of the required $350

filing fee, due on or before February 14, 2020. Dkt. No. 5. In the order, the

court advised the plaintiff that once it received the initial partial filing fee, it

would determine whether the case could proceed without the court requiring

the plaintiff to pay the balance of the filing fee in full at once. Id. at 3. The court

also stated that if the plaintiff did not have the funds available in his regular

account to make the initial partial payment of $7.90, he could use his release

account. Id.

1

The plaintiff then filed a motion entitled "Petition to Proceed In Forma Pauperis." Dkt. No. 7.[1] He states that he cannot pay the initial partial filing fee because he is "indigent and currently incarcerated." Id. at 1. The court construes this as a motion to waive the initial partial filing fee.

Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. §1914(a). It also requires a party filing a complaint to pay a $50 administrative fee. Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective May 1, 2013, #14. The law does *not* allow the court to waive the filing fee in full if the person who files the complaint is incarcerated. Rather, it says that if the court determines that the incarcerated plaintiff qualifies for *in forma pauperis* status, (a) the $50.00 administrative fee is waived, and (b) the court may allow the prisoner to pay the $350.00 by paying an initial partial filing fee followed by monthly installments until the $350.00 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. §1915(b).

In its January 22, 2020 order, the court considered the average monthly balance in the plaintiff's prison account for the six months immediately preceding the filing of his complaint. Dkt. No. 5 at 2. The court determined that

---

[1] The court notes that the plaintiff filed similar motions in case numbers 20-cv-69 and 20-cv-70, both assigned to this court.

Case 2:20-cv-00095-PP   Filed 06/01/20   Page 2 of 4   Document 9

the average monthly deposit in the plaintiff's prison account was $39.50 and the average monthly balance was $0.00. Id. That's how the court came up with $7.90 as an initial partial filing fee. Id.

In his motion to waive the initial partial filing fee, the plaintiff simply states that he cannot afford to pay the initial partial filing fee, without providing details about why he cannot pay it. Dkt. No. 7. His certified trust account statement, dkt. no. 3, submitted with his original motion to proceed without prepaying the filing fee, contradicts his statement and shows that he can afford to pay the assessed initial partial filing fee of $7.90. And the simple facts that the plaintiff is indigent and incarcerated are not enough—the reason the Prison Litigation Reform Act exists is because Congress recognized that incarcerated plaintiffs likely would be indigent.

The court will deny the plaintiff's motion to waive paying the initial partial filing fee. The plaintiff must pay the initial partial filing fee of $7.90 in time for the court to receive it by the end of the day on **June 22, 2020**. The court reminds the plaintiff that if he does not have the funds available in his regular account to make the initial partial payment of $7.90, he may use funds in his release account. If the court does not receive the initial partial filing fee by the end of the day on June 22, 2020, the court will dismiss this case without prejudice. If the plaintiff does not want to pursue this lawsuit at this time, he does not need to take any further action.

The court **DENIES** the plaintiff's motion to waive the payment of the initial partial filing fee. Dkt. No. 7. The court **ORDERS** that by the end of the

3

day on **June 22, 2020**, the plaintiff either must pay the initial partial filing fee of $7.90 or file a written document explaining to the court why he cannot do so. If the court does not receive the money or the written document by the deadline, the court will dismiss this case without prejudice based on the plaintiff's failure to pay the initial partial filing fee. If the plaintiff no longer wants to pursue this case, he does not need to take any further action.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

Dated in Milwaukee, Wisconsin this 1st day of June, 2020.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

4