UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN ALAN VIETH,

    Plaintiff,

    v.                                  Case No. 20-cv-0095-bhl

WISCONSIN DEPARTMENT OF CORRECTIONS,

    Defendant.

## ORDER

    Plaintiff Nathan Alan Vieth, representing himself, filed a complaint alleging that the defendant violated his civil rights under 42 U.S.C. §1983 by wrongfully placing him in segregation. (ECF. No. 1.) The plaintiff has also filed a motion to proceed without prepaying the filing fee. (ECF No. 2). This order resolves his motion and screens the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to let an incarcerated plaintiff proceed with his case without prepaying the filing fee if he meets certain conditions. One of those conditions is that the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

    On January 22, 2020, the court ordered the plaintiff to pay an initial partial filing fee of $7.90 by February 14, 2020. (ECF. No. 5.) On January 30, 2020, the plaintiff filed a motion to waive the initial partial filing fee. (ECF No. 7.) On June 1, 2020, Judge Pamela Pepper denied that motion and ordered the plaintiff to pay the initial partial filing fee by June 22, 2020. (ECF No. 9.) The plaintiff paid that fee on June 19, 2020. The Court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee and will allow him to pay the remainder of the filing fee over time in the manner explained at the end of this

1

order.

# SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the Prison Litigation Reform Act, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### B. Allegations in the Complaint

The plaintiff alleges while he was incarcerated at Fox Lake Correctional Institution, he reported to security staff that Correctional Officer Alex Woutis was sexually assaulting inmates.

(ECF. No. 1 at 2.) The plaintiff does not allege that Woutis sexually assaulted him. After the plaintiff reported the incidents of sexual assault, he alleges that security staff issued him a minor conduct report for lying about staff and gave him a disposition of 180 days in segregation. (*Id.* at 2-3.) There, he was locked in his cell for twenty-three hours a day. (*Id.* at 3.) The plaintiff appealed the conduct report to Warden Randal Hepp, who denied the appeal. (*Id.*) He also appealed "the PRC decision" to Mark Heise, the Bureau of Classification and Movement Director, and he also denied the appeal. (*Id.*)

After spending 180 days in segregation, the plaintiff transferred to Green Bay Correctional Institution. (*Id.*) He alleges that several months after his transfer, Woutis was investigated for sexual assault, charged, and later convicted in Dane County Circuit Court. (*Id.*) As a result, DOC Administrator William Pollard expunged his conduct report. (*Id.*) The plaintiff seeks $150,000 for pain and suffering. (*Id.* at 4.)

**C.    Analysis**

The plaintiff names only the Wisconsin Department of Corrections as a defendant. Because claims made against the Wisconsin Department of Corrections are "no different from a suit against the State itself," the court construes these claims as having been brought against the State of Wisconsin. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985)). But a state is not a "person" against whom the plaintiff may recover monetary damages under §1983. *Lapides v. Bd. f Regents of the Univ. Sys. Of Ga.*, 535 U.S. 613, 617 (2002); *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003). And, the Eleventh Amendment protects the State of Wisconsin and its agencies from suit. *Puerto Rico Aqueduct & Sewer Auth. V. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citing *Green v. Mansour*, 474 U.S. 64, 73 (1985) and *Cory v. White*, 457 U.S. 85, 90-91 (1982)). Accordingly, the plaintiff fails to state a claim upon which relief can be granted.

Even if the plaintiff had sued a "person" against whom he could recover monetary damages, he would still fail to state a claim. Under the Fourteenth Amendment, inmates generally do not have a protected liberty interest regarding their placement in segregation. *See Sandin v. Conner*, 515 U.S. 2293, 2301 (1995). Whether a plaintiff's placement in segregation implicates his protected liberty interest depends on whether the placement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (quoting *Sandin*, 515 U.S. at 484).

3

According to the plaintiff's own allegations, he does not state that he suffered an atypical and significant hardship when he was placed in segregation. He was issued the conduct report based on information that prison staff had at the time. While it is unfortunate that the basis for the conduct report turned out to be erroneous, being placed in segregation for 180 days, even if wrongful, "'is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process.'" *Gray v. Taylor*, 714 F.Supp.2d 903, 909 (N.D. IL 2010) (quoting *Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005)). Courts typically consider two factors to determine whether segregation is atypical and poses significant hardships: "the combined import of the duration of segregative confinement and the conditions endured." *Hardaway*, 734 F.3d at 743. Here, plaintiff's placement in segregation for 180 days for conduct determined to be a violation of the facility's rules (even if that determination was incorrect) is a typical disposition, and the plaintiff does not allege that he experienced any extraordinary conditions in segregation. Also, it is worth noting that once the Department of Corrections learned that the plaintiff did not lie to staff, it took appropriate corrective action to remedy the situation by expunging the plaintiff's conduct report history. Because the plaintiff fails to state a claim upon which relief can be granted, the case is dismissed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee is **GRANTED**. (ECF. No. 2.)

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency that has custody of the plaintiff must collect from his institution trust account the $342.10 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution

must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 2nd day of October, 2020.

s/ Brett H/ Ludwig
Brett H. Ludwig
United States District Judge